UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x

UNITED STATES OF AMERICA AND
THE STATE OF NEW YORK *ex rel.*
CHRISTOPHER NORIA, FRANK
BRANDT, JOHN FELICIANO AND
ROBERT McGRATH,

                        **Plaintiffs,**

                   **-against-**

EAST COAST ORTHOTIC AND
PROSTHETIC CORPORATION,
VINCENT A. BENENATI, NYU
LANGONE HEALTH SYSTEM AND
MAIMONIDES MEDICAL CENTER,

                        **Defendants.**

----------------------------------------------------------- x

                                          **OPINION & ORDER**

                                    **18-cv-2600 (NG) (LB)**

GERSHON, United States District Judge:

I.      **Introduction**

Relators Frank Brandt, Christopher Noria, John Feliciano, and Robert McGrath bring this *qui tam* action on behalf of the United States and New York State against East Coast Orthotic and Prosthetic Corporation ("ECOP"), Vincent A. Benenati, NYU Langone Health System ("NYU"), and Maimonides Medical Center ("MMC"), alleging violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.*, and analogous New York State law. Each of the defendants moves to dismiss the Third Amended Complaint (the "TAC") under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).[1]

For the following reasons, defendants' motions are granted.

---

[1] NYU Langone Hospitals and NYU Grossman School of Medicine, a division of New York University, bring the instant motion to dismiss the TAC on behalf of NYU, stating that they were "sued incorrectly" as "NYU Langone Health." NYU Motion 1.

## II.     The Complaint's Allegations

The following facts are drawn from the TAC.  Relators allege that ECOP, which supplies

durable medical equipment ("DME"), entered into "exclusive contractual joint venture services

agreements" with health care providers, including NYU and MMC.  TAC ¶ 4.  Under such

agreements, ECOP supplied DME to Medicare or Medicaid patients, which were referred to

them by health care providers.   Then, either ECOP or the healthcare provider billed Medicare or

Medicaid for the ECOP-provided DME.  Relators allege that these "exclusive contractual joint

venture service agreements" violated the Physician Self-Referral Law (the "Stark Law"), 42

U.S.C. § 1395nn, and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b).  Therefore, each

claim that was submitted to Medicare or Medicaid was false or fraudulent under the FCA.

## III.    The 2015 J. Doe Complaint

Before relators filed this action, on March 31, 2015, a *qui tam* action was filed, under

seal, by a "J. Doe" relator on behalf of the United States and New York State against ECOP, Mr.

Benenati, and "Healthcare Provider Does 1–30" (the "2015 J. Doe Complaint").  That action

raised claims under the FCA and analogous New York State law and alleged the same fraudulent

scheme as the TAC.  Indeed, many allegations in the TAC are copied verbatim from the 2015 J.

Doe Complaint.  At a pre-motion conference in anticipation of a motion to dismiss the Second

Amended Complaint (the "SAC") in this action, relators' former counsel, who also was counsel

to the "J. Doe" relator in the 2015 action, explained that the 2015 J. Doe Complaint was filed on

behalf of one of the relators in this action, relator Brandt.

On January 10, 2017, the United States declined to intervene in that action.  On January

12, 2017, New York State also declined to intervene in that action, and, on that same day, the

2015 J. Doe Complaint was unsealed.  On August 23, 2017, the J. Doe relator voluntarily dismissed the 2015 action.

### IV.      This Action's Procedural History

On May 2, 2018, the original complaint in this action was filed by "J. Does" relators, on behalf of the United States and New York State, against ECOP, Benenati, and "Healthcare Provider Does 1–30."  On April 2, 2019, relators filed an amended complaint, which named Brandt, Jose Martinez, and Noria as relators, and the same defendants.  On December 21, 2020, New York State declined to intervene and, on January 19, 2021, the United States declined to intervene.  On May 26, 2021, relators, again, amended their complaint and filed the SAC, which removed Martinez but still named Brandt and Noria as relators and ECOP, Benenati, NYU Langone Health, and MMC as defendants.

At a pre-motion conference in anticipation of defendants bringing motions to dismiss the SAC, the defendants argued, among other things, that the 2015 J. Doe Complaint barred this action under the FCA's public disclosure bar and that relators had not sufficiently alleged that they satisfied the public disclosure bar's "original source" exception.  Hearing Tr. 15:5–6, Nov. 2, 2021.  These issues were discussed at length at the pre-motion conference and relators' former counsel explained that he did not think it would "be a difficult task in showing that [relators] are, indeed, original sources" if given the opportunity to re-plead. *Id.* 19:13–14.  At the pre-motion conference, I granted relators' request to re-plead to address the deficiencies in the SAC that were identified at the conference.

Following the pre-motion conference, relators filed the TAC, which all defendants have

moved to dismiss.[2]

## V.      Discussion

### A.  FCA's Public Disclosure Bar

While defendants raise numerous arguments about the inadequacies of the TAC, I

address only their argument that the 2015 J. Doe Complaint bars relators' federal claims under

the FCA's public disclosure bar and that there are insufficient allegations to show that relators

meet the public disclosure bar's exception for an "original source of the information," because

that issue is dispositive and, insofar as it involves the court's subject matter jurisdiction, is

fundamental.

The FCA includes several limiting provisions, including the "public disclosure bar,"

which was enacted as part of the 1986 amendments to the FCA, and amended in 2010, as part of

the Patient Protection and Affordable Care Act (the "PPACA").  *See U.S. ex rel. CKD Project,*

*LLC v. Fresenius Med. Care Holdings, Inc.*, 2022 WL 17818587, at *3 (2d Cir. Dec. 20, 2022).

Relators allege that defendants have been engaged in unlawful conduct from "2009 through the

present."  TAC ¶ 2.  Accordingly, both versions of the public disclosure bar are relevant.  The

"pre–2010 version of the public disclosure bar applie[s] to any conduct that occurred prior to the

amendment and [] the post–2010 version applie[s] to any conduct that occurred after the

effective date of the 2010 amendment."  *U.S. ex rel. Patriarca v. Siemens Healthcare*

---

[2] At the pre-motion conference, relators' former counsel acknowledged that, in addition to the fact that the 2015 J. Doe Complaint did not identify the "J. Doe" relator as Brandt, there were no allegations in any iterations of the complaints in this action from the original complaint through the SAC identifying the source of relator Brandt's (or any relators') knowledge of the claims. Relators' former counsel stated that such information would be added to an amended complaint if given the opportunity to re-plead.  However, as relator's counsel acknowledged at oral argument on the pending motion, the source of relator Brandt's knowledge is not alleged in the TAC.  The TAC describes the other three relators as ECOP employees.

*Diagnostics, Inc.*, 295 F. Supp. 3d 186, 195 (E.D.N.Y. 2018) (first and third alterations in original) (collecting cases).

Under both versions, the Second Circuit employs a two-step approach. At step one, "courts look to whether the substance of a relator's claim had been disclosed prior to the filing of his suit." *CKD Project*, 2022 WL 17818587, at *2. If so, "courts look to whether, if such disclosures had been made," relator's claim may, nonetheless, proceed because he has established that he is an "original source of the information." *Id.*

Relators do not contest step one, namely, that the 2015 J. Doe Complaint publicly disclosed the same FCA claims that are alleged in the TAC. At oral argument, relators confirmed that this public disclosure applies to their federal claims against all defendants. They argue only that their federal claims may proceed because they meet the public disclosure bar's exception for an "original source of the information." Accordingly, I proceed to step two, whether relators meet the exception to the public disclosure bar.

The pre-2010 public disclosure bar defined an "original source" as an individual "who has direct and independent knowledge of the information on which the allegations are based" and has "voluntarily provided the information to the Government before filing an action under this section which is based on the information." 31 U.S.C. § 3730(e)(4)(B) (2006). Congress revised the definition of "original source" as part of the PPACA-amendment. Post-amendment, an "original source" is defined as an individual, who meets one of two alternative definitions. Under the first definition, an individual who "prior to a public disclosure . . . has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based" is an original source. 31 U.S.C. § 3730(e)(4)(B)(i). Under the second definition, an individual "who has knowledge that is independent of and materially adds to the publicly

disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section" is an original source. 31 U.S.C. § 3730(e)(4)(B)(2).

In its original form, after the 1986 amendments, the public disclosure bar was "jurisdictional;" if the bar applied, it deprived the court of its subject matter jurisdiction over an action. *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 467 (2007). As an issue of subject matter jurisdiction, under the pre-amendment public disclosure bar, courts have an independent obligation to determine whether the public disclosure bar applies and, if so, whether the original source exception is satisfied. *See id.* at 467–470. In *Rockwell*, for example, the Supreme Court explained that it "must" decide if the relator qualified as an original source, even if the defendant had conceded the issue, and determined that the relator did not qualify as one. *Id.* at 470. By contrast, the amended version of the public disclosure bar is no longer jurisdictional, but, instead, serves as a ground for dismissal, such "as an affirmative defense or in connection with [a] motion to dismiss." *U.S. ex rel. Chorches v. Am. Med. Response, Inc.*, 865 F.3d 71, 80 (2d Cir. 2017).

Under the pre- or post-amendment bar, to satisfy the original source exception, two requirements, among others, must be met. First, a relator must allege that information was provided to the government before a specified time period. The pre-amendment public disclosure bar requires that relators provide information to the Government "before filing an action under this section which is based on the information." 31 U.S.C. § 3730(e)(4)(B) (2006); *see U.S. ex rel. Paranich v. Sorgnard*, 396 F.3d 326, 338 (3d Cir. 2005) (noting "temporal requirement of providing information to the government *before* the qui tam action is filed"). The post-amendment bar requires that relators provide information to the Government, under the first

definition, "prior to a public disclosure" or, under the second definition, "before filing an action

under this section." 31 U.S.C. § 3730(e)(4)(B)(i)-(2); *see U.S. ex rel. Maur v. Hage-Korban*, 981

F.3d 516, 527 (6th Cir. 2020) (affirming dismissal because the complaint did not allege that,

under the first definition, the relator "relayed anything to the government 'prior to a public

disclosure'"); *U.S. ex rel. Yagman v. Mitchell*, 711 F. App'x 422, 424 (9th Cir. 2018) (affirming

dismissal because the complaint did not allege that, under the second definition, the relator

"provided the information in his complaint to the Government before filing").

Second, in both the pre- and post-amendment public disclosure bars, the relator must

allege that he disclosed the information to the Government "voluntarily." For example, the

voluntariness requirement may be met where, apparently unconnected to the filing of a later *qui*

*tam* lawsuit, the relator wrote a letter to the Department of Justice requesting an investigation;

but it is not met where the relator made the disclosure pursuant to a legal obligation and in return

for valuable consideration. *See U.S. ex rel. Omni Healthcare Inc. v. U.S. Oncology, Inc.*, 2023

WL 5831140, at *4–5 (E.D.N.Y. Sept. 8, 2023) (collecting and discussing cases addressing the

voluntariness requirement).

Relators bear the burden of proving the existence of subject matter jurisdiction, *see Malik*

*v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996), and of pleading sufficient factual matter to "state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Relators have not met their burden. They do not allege that they meet either of the "original

source" exception requirements discussed above. As to these requirements, relators allege only:

"Each Relator has personal knowledge of the facts and is an original source of inside

information, which they have voluntarily provided to the Government." TAC ¶ 9. This single,

conclusory allegation does not allege when the information was provided to the Government,

i.e., before the time periods specified in the statute, and it does not provide a basis for finding that the disclosures were made "voluntarily." Accordingly, relators do not sufficiently allege that they meet the public disclosure bar's exception for an "original source."

### B. Dismissal With Prejudice

Defendants urge that any dismissal be with prejudice. While "[l]eave to amend should be 'freely give[n] . . . when justice so requires,'" *CKD Project*, 2022 WL 17818587, at \*4 (quoting Fed. R. Civ. P. 15(a)(2)), it "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Id*. (quoting *U.S. ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016)). Thus, dismissal with prejudice can be appropriate in cases of "repeated failure to plead a plausible FCA claim," *see Grabcheski v. Am. Int'l Grp., Inc.*, 687 F. App'x 84, 88 (2d Cir. 2017), particularly where the relators are "fully aware of the . . . challenges to [their] pleading" before filing an amended complaint. *See Ladas*, 824 F.3d at 28.

The TAC is relators' fourth attempt to plead viable FCA claims (the fifth, if we include the 2015 J. Doe Complaint, which was filed on behalf of relator Brandt). Without offering specifics about how they could amend their complaint to meet the above-discussed "original source" exception requirements, at oral argument, the relators requested leave to file yet a fifth complaint should their original source allegations be found to be insufficient. However, as discussed above, prior to filing the TAC, relators were fully aware that defendants intended to challenge their claims under the FCA's public disclosure bar and that they would be required to adequately allege their "original source" status for their claims to survive a motion to dismiss. Indeed, at the pre-motion conference, relators' former counsel expressly stated that relators would amend their pleading to bolster their "original source" allegations. Yet, regarding the

requirements discussed above, their TAC contains only an insufficient, single, conclusory allegation.  Accordingly, relators' FCA claims are dismissed with prejudice.  *See CKD Project*, 2022 WL 17818587, at *4 (affirming denial of leave to amend where the relator "failed to cure its complaint when amending it in response to [defendants'] premotion letter to dismiss" on the ground of the FCA's public disclosure bar); *cf. Ladas*, 824 F.3d at 28 (affirming denial of leave to amend where the relator was "fully aware of the Rule 9(b) challenges to his pleading," "asked and received an opportunity to file" an amended complaint, but "failed to cure the Rule 9(b) deficiencies"); *U.S. ex rel. Zylberberg v. Maimonides Med. Ctr.*, 2023 WL 6292538, at *5 (E.D.N.Y. Sept. 27, 2023) (denying leave to file an amended complaint because "relator was on notice of the identified deficiencies and failed to cure them").

### C.  State Law Claims

Having dismissed the relators' FCA claims, the remaining question is only whether to exercise supplemental jurisdiction over their analogous New York State law claims.  *See U.S. ex rel. Mohajer v. Omnicare, Inc.*, 525 F. Supp. 3d 447, 461–63 (S.D.N.Y. 2021).  As relevant here, 28 U.S.C. § 1367(c)(3) provides that "district courts may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction."  "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity — the 'Cohill factors.'"  *Klein & Co. Futures v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Chinniah v. FERC*, 62 F.4th 700, 703 (2d Cir. 2023) (alteration in original) (quoting *Pension*

*Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013)); *see also Klein*, 464 F.3d at 262 ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.")

Considering the Cohill factors, this case falls squarely into the "usual case" in which the factors point toward declining to exercise jurisdiction over the remaining state law claims. Accordingly, I decline to exercise supplemental jurisdiction over the remaining New York State law claims.

## VI.    Conclusion

For the reasons set forth above, the defendants' motions to dismiss the TAC are granted. Relators' FCA claims are dismissed with prejudice, and, as I decline to exercise supplemental jurisdiction over the remaining New York State law claims, they are dismissed without prejudice.

SO ORDERED.

_____/S/_____
**NINA GERSHON**
**United States District Judge**

April 30, 2024
Brooklyn, New York